IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT MICHAEL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:09cv168-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Robert Michael Smith applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1381c. His applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). After conducting an evidentiary hearing, the ALJ also denied the claims. (Tr. 16-28). The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #14); Def.'s Consent to Jurisdiction (Doc. #13). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-one years old and had completed high school at the time of the hearing before the ALJ. Tr. 34. Plaintiff's past relevant work experience included work as a machine operator, airport utility worker, granite installer, and truck driver. Tr. 26, 59. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 6, 2006 (Step 1). Tr. 18. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "Chronic Atrial Fibrillation, History of Congestive Heart Failure, Degenerative Joint Disease Right Knee, Gout, Morbid Obesity, and History of Obstructive Sleep Apnea." Tr. 18. The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) Tr. 18. Next, the ALJ found that Plaintiff retains the RFC to "perform less than the full range of sedentary work . . ." with additional limitations set out in the ALJ's opinion. Tr. 19. Given this level of RFC, and after consulting with a vocational expert, the ALJ determined that Plaintiff "is unable to perform any past relevant work." (Step 4) Tr. 26. The ALJ then found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 27. Based on the testimony of a vocational expert, the ALJ found that, considering the limitations on Plaintiff's ability to perform the full range of sedentary work, Plaintiff is able to perform the occupational demands of

"Surveillance System Monitor," "Information Clerk," and "Assembler." Tr. 27-28, 60-61. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 28.

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this Court's review - whether "the Commissioner erred as a matter of law by failing to properly evaluate the Plaintiff's complaints in finding that the Plaintiff's allegations of pain and functional limitations to the degree alleged are not supported by the evidence in the record," and whether "the Commissioner erred as a matter of law in failing to accord proper weight to the claimant's treating physician's opinion." Pl.'s Brief (Doc. #10) at 1-2.

## V. DISCUSSION

### A. The ALJ's evaluation of Plaintiff's complaints of pain.

Plaintiff claims that "the Commissioner erred in discrediting the Plaintiff['s complaints about pain and functional limitations] and the substantial evidence demonstrates that the pain and functional limitations of the claimant are disabling." Pl.'s Brief (Doc. #10) at 12. Defendant maintains that "the ALJ articulated valid reasons for declining to credit entirely Plaintiff's subjective complaints, and the ALJ's reasoning is well supported by the record . . . ." Def.'s Brief (Doc. #11) at 13.

The Court of Appeals for the Eleventh Circuit has articulated its "pain standard," governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ evaluates the "claimant's subjective testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Eleventh Circuit has also held that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id.* at 1561. Importantly, it is only evidence of the underlying condition which could reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard." *Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991). *See also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F. Supp.2d 1269, 1272-73 (N.D. Al. 2006) (quoting *Elam*, 927 F.2d at 1215). Where the ALJ proceeds to consider the claimant's subjective testimony about pain, the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). Finally, if the ALJ determines to discredit subjective pain testimony and such testimony is crucial to the claimant's assertion of disability, the ALJ "must articulate specific reasons for questioning the claimant's credibility." *Id.*

At the hearing before the ALJ, the Plaintiff provided some testimony about his pain and functional limitations. Plaintiff testified that his heart and knee related ailments are the only medical problems which make him purportedly unable to work. Tr. 45. Under questioning by his attorney, Plaintiff testified as follows:

> Q       What about concentrating on things as far as the pain that you're suffering from, the heart problems and the limitations associated with the knee and the heart? Does that affect your ability to concentrate or [INAUDIBLE] pressure? Talk to the Judge about that if you have any problem in that area.
> A       Well, the pain does impact my concentration. The pain in my knee or you know – and all gets so severe sometimes. You know, I just have to basically do the best I can to block it out. I have medicine to take for it but I try sometimes to try to block it out to keep from putting so much medication in my body. You know, trying to you know, deal with the pain but sometimes it's hard to deal with the pain.
> Q       When you're doing – as you're sitting there right now what's the situation regarding your knee and the pain and any other limitations or problems you're having right now?
> A       Well, right now my knee's throbbing and just basically uncomfortable sitting in the chair and all. I just – I basically hurt all over but I just – you know, I do the best I can to you know, reside you know, with the pain.

Tr. 53-54.

In his opinion, the ALJ discussed Plaintiff's testimony about his pain and functional limitations. Tr. 19-20. The ALJ then found, however, that "[a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are

8

not credible to the extent they are inconsistent with the residual functional capacity assessment" articulated by the ALJ. Tr. 21. The ALJ articulated numerous reasons for his decision to only partially credit Plaintiff's testimony. The ALJ noted his finding that the objective medical evidence concerning Plaintiff's chronic atrial Fibrillation lacks any assessment or other evidence indicating that Plaintiff's "functional capacity is of a disabling degree." Tr. 21. Likewise, in reviewing the evidence concerning Plaintiff's degenerative joint disease in his right knee, the ALJ found that the evidence is "silent as to the effects of this impairment and the related surgery on claimant's functional capacity." Tr. 21. The ALJ also extensively discussed Plaintiff's treatment records and relied upon the physical RFC assessment in the record and Plaintiff's description of his daily activities in deciding to only partially credit Plaintiff's testimony about his functional limitations. Tr. 23-26.

Substantial evidence supports the ALJ's decision. It should first be noted that Plaintiff points to no evidence in the record which objectively demonstrates that Plaintiff's RFC is less than that established by the ALJ.[5] Rather, Plaintiff's argument appears predicated on a misunderstanding of the ALJ's decision. Plaintiff insists there are "underlying medical conditions that would reasonably support the existence of pain and functional limitations about which the claimant complains." Pl.'s Brief (Doc. #11 at 11).

---

[5] Plaintiff's allusion to Dr. Banner's report (*see* Pl.'s Brief (Doc. #11) at 12) is unavailing, as Dr. Banner opined no disabling condition and noted that Plaintiff "demonstrated no pain or difficulty getting on and off table" during "Locomotor" testing. Tr. 238. Plaintiff's reliance on Dr. Dehaven's treatment notes (Pl.'s Brief (Doc. #11) at 12) is also unavailing, as Dr. Dehaven also never opined any disabling condition and even envisioned Plaintiff being able to return to work. Tr. 232.

Plaintiff also states that "Dr. Banner did not state that he disbelieved the Plaintiff's claims of medical problems." *Id.* at 12. It is clear, however, that the ALJ did indeed find that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms" of Plaintiff, but that the evidence did not support a finding that Plaintiff's symptoms are wholly disabling. Tr. 21. Thus, the ALJ did not "disbelieve[] the Plaintiff's claims of medical problems." Indeed, considering Plaintiff's claims and all of the evidence before him, the ALJ formulated a very restrictive RFC in which Plaintiff can only perform less than the full range of sedentary work. Substantial evidence in the record, including the Physical Residual Functional Capacity Assessment (Tr. 242-249), which attributed to Plaintiff the RFC for light work, and Plaintiff's treatment history, which reflects a largely conservative and generally successful treatment of Plaintiff's symptoms, supports the ALJ's decision. Accordingly, the ALJ did not err in deciding to only partially credit Plaintiff's statements and testimony about the extent of his pain and functional limitations.

   **B.     The ALJ's treatment of Plaintiff's treating physician's opinion.**

Plaintiff claims the ALJ erred in rejecting the opinion of Plaintiff's treating physician, Dr. Rasmussen, that Plaintiff "is permanently disabled due to medical conditions." Tr. 287. Plaintiff claims "that the opinion of Dr. Rasmussen[,] while very short[,] is fully bolstered by a lengthy treatment history, hospitalizations, surgery, medication prescribed, consultative exam, and treatment notes." Pl.'s Brief (Doc. #11) at 14. Defendant maintains that the ALJ's decision to discredit Dr. Rasmussen's opinion was appropriate and is supported by

substantial evidence in the record.

When confronted with the opinion of a claimant's treating physician, the ALJ must afford it substantial and considerable weight unless "good cause" is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). *See also Bliss v. Comm'r of Soc. Sec.*, 254 F. App'x 757, 758 (11th Cir. 2007) ("An ALJ may reject the opinion of a treating physician, which ordinarily receives substantial weight, where 'good cause' is established."). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). "Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court may not "disturb the ALJ's refusal to give the opinion controlling weight." *Carson v. Comm'r of Soc. Sec.*, 2008 WL 4962696 at *1 (11th Cir. Nov. 21, 2008).

On November 5, 2007, Plaintiff's treating physician, Dr. Rasmussen, produced the following note addressed to "To Whom it May Concern": "Mr. Robert Smith is under my medical care and is permanently disabled due to medical conditions. His medical condition is congestive heart failure along with chronic atrial Fibrillation. He became disabled in 2006." Tr. 287. This constitutes the entirety of the "opinion" on which Plaintiff's claim is based. In addressing this opinion, the ALJ stated:

11

> As claimant's treating doctor, Dr. Rasmussen's opinion was given due consideration. However, the relevant medical evidence is lacking from the medical evidence of record, and Dr. Rasmussen's opinion of disability is not supported by his own notations and medical diagnoses as found in the medical record. The treating physician records of Dr. Rasmussen do not support a disabling level symptomatology, with very sparse reference to fatigue, malaise, or Gout exacerbations.

Tr. 25.

Plaintiff necessarily concedes that Dr. Rasmussen's opinion is indeed "very short." Pl.'s Brief (Doc. #11) at 14. It should also be noted that Dr. Rasmussen's opinion is that Plaintiff's disability is a result of his heart-related conditions only, not those pertaining to his knee. It is further telling that, although Dr. Rasmussen opined the onset of Plaintiff's "permanent disability" in 2006, his treatment notes from that period evince no such phenomenon. Dr. Rasmussen saw Plaintiff in April of 2005 and treated him for "upper respiratory infection." Tr. 252. His next visit with Plaintiff did not occur until January 8, 2007, when he saw Plaintiff for treatment of his foot pain or gout. Tr. 251. Dr. Rasmussen saw Plaintiff again on January 26, 2007, and again treated Plaintiff for "Acute Gouty Arthritis." Tr. 250. A follow-up visit on February 5, 2007, concerned only Plaintiff's progress with his anticoagulant "Coumadin regimen," which, according to the note, was normal. Tr. 250. Thus, there is simply no indication in Dr. Rasmussen's notes from the relevant time period that Plaintiff's heart-related impairments rendered him disabled in 2006. Moreover, for the reasons discussed above, it is evident that Dr. Rasmussen's opinion is not supported by the evidence in the record as a whole, as no other physician or reviewer opined

12

that Plaintiff's impairments render him disabled. Because "the ALJ articulated specific reasons for failing to give the opinion of [Dr. Rasmussen] controlling weight, and those reasons are supported by substantial evidence," the Court finds no error in the ALJ's decision.

## VI. CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

DONE this 1st day of February, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE